UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. COOPER, | No. 2:13-cv-1738 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WILLIAM KNIPP, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations.[1] For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] In addition to his opposition, petitioner filed objections to respondent's reply. (ECF No. 15.) The Local Rules do not authorize the filing of a "surreply," unless authorized by the court. Rather, Local Rule 230(l) contemplates the filing of one motion, one opposition and one reply. Nevertheless, given petitioner's pro se status and the fact that petitioner's additional filing is relatively short and limited to the issues addressed in defendants' motion to dismiss, the court has reviewed and considered petitioner's "objections."

1

1  petitioner is not entitled to relief in the district court. . . ." Id.  The Court of Appeals for the Ninth

2  Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

3  Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

4  (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

5  authority under Rule 4.

6       On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was

7  enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state

habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On December 22, 2008, petitioner pled no contest to attempted murder and assault with a deadly weapon. (Respondent's Lodged Document ("LD") 1.) Petitioner also admitted a prior conviction within the meaning of California's Three Strikes Law. (Id.)

2. On January 23, 2009, petitioner was sentenced to a determinate term of 21 years in state prison. (Id., ECF No. 1 at 1.)

3. Petitioner did not appeal his conviction.

4. On October 4, 2011,[2] petitioner filed a motion for modification in the Sacramento County Superior Court. (LD 2.) On October 11, 2011, the Sacramento County Superior Court denied the motion. (LD 3.)

---

[2] All of petitioner's filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

3

     5. On October 25, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 4.) On November 17, 2011, the California Court of Appeal denied the petition, citing In re Steele, 32 Cal.4th 682, 692 (2004); In re Hillery, 202 Cal.App.2d 293 (1962).[3] (LD 5.)

     6. On January 19, 2012, petitioner filed a motion for modification of his sentence in the Sacramento County Superior Court. (LD 6.) The Sacramento County Superior Court denied the motion without comment on February 27, 2012. (LD 7.)

     7. On March 16, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 8.) On May 22, 2013, the California Supreme Court denied the petition without comment. (LD 9.)

     8. On August 20, 2013, petitioner filed the instant federal petition. (ECF No. 1.)

IV. <u>Statutory Tolling</u>

     Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. <u>Id.</u> In this case, petitioner did not appeal the operative judgment issued on January 23, 2009. Accordingly, his conviction became final sixty days later on March 24, 2009. Cal. Rules of Court 8.308(a); <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on March 25, 2009. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on March 25, 2010.

     Petitioner filed his first state court motion on October 4, 2011, after the statute of limitations period expired. The filing of a state habeas petition after the limitations period expired cannot revive the statute of limitations, and has no tolling effect. <u>Ferguson</u>, 321 F.3d at 823; <u>Jiminez</u>, 276 F.3d at 482 (where petitioner filed his state post-conviction relief petition after AEDPA statute of limitations period expired, delay results in absolute time bar.) Therefore, none

---

[3] See In re Steele, 32 Cal.4th at 692 (citing, inter alia, In re Ramirez, 89 Cal. App. 4th 1312, 1316 (2001) (a Court of Appeal "'has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance,'" quoting In re Hillery, 202 Cal.App.2d at 293).) Neither Steele nor Hillery involve an explicit timeliness determination.

4

of petitioner's collateral challenges serve to toll the limitations period because all were filed after the limitations period expired.

Petitioner did not file his federal petition until August 20, 2013, long after the statute of limitations period expired on March 25, 2010. Thus, absent a later start of the statute of limitations period, or the application of equitable tolling, the instant petition is time-barred.

V. <u>Alternative Start of the Statute of Limitations Period</u>

In his opposition to the motion, petitioner does not dispute that his conviction became final on March 24, 2009, or that his state court pleadings were filed after the statute of limitations period expired. Rather, petitioner contends that Supreme Court decisions issued in 2012 entitle him to a later start date of the statute of limitations period. Respondent counters that petitioner is not entitled to a later start of the statute of limitations period because Supreme Court opinions are not state-created impediments, and the opinions did not announce a newly-recognized constitutional right. In addition, respondent argues that petitioner was aware of the factual predicate of his claim because he consulted with counsel during plea negotiations and was present at sentencing.

    A. <u>State-Created Impediment</u>

Petitioner argues that prior to the rulings in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012) ("<u>Lafler</u>"), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012) ("<u>Frye</u>"), the Constitution or federal laws posed an impediment to petitioner seeking relief in federal court. Petitioner's argument is unavailing.

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

The Supreme Court decisions in <u>Lafler</u> and <u>Frye</u> cannot be construed as state-created impediments. Petitioner does not allege, and the record does not show, that any illegal conduct by the state or those acting for the state "made it impossible for him to file a timely § 2254 petition in federal court." See <u>Ramirez v. Yates</u>, 571 F.3d 993, 1000-01 (9th Cir. 2009) (Ramirez

failed to show that his placement in administrative segregation "altogether prevented him from presenting his claims in any form to any court."). Petitioner's claims of ineffective assistance of counsel relate to the plea bargaining and sentencing stages of his case and do not establish that his attorney's alleged ineffectiveness at those stages prevented him from filing a federal habeas petition during the one-year following March 24, 2009. See Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010) (state-appointed counsel's alleged failure to perfect state court appeal did not merit delayed accrual under 28 U.S.C. § 2244(d)(1)(B), where nothing prevented the petitioner from filing a federal habeas petition); Bryant v. Arizona Att'y General, 499 F.3d 1056, 1060 (9th Cir. 2007) (to show delayed accrual under 28 U.S.C. § 2244(d)(1) (B), a petitioner must "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition") (citations omitted). Petitioner's filings do not set forth any facts that show petitioner is entitled to relief under 28 U.S.C. § 2244(d)(1)(B).[4]

     B. Newly-Recognized Constitutional Right

Alternatively, petitioner seeks a later accrual date under 28 § 2244(d)(1)(C), which provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28

---

[4] In his objections to respondent's reply, petitioner argues that the "default rule of contract interpretation has not been part of any of the advice by an attorney or judge concerning that the terms of a plea may be affected by changes in the law," citing Doe v. Harris, Case No. 3:07-cv-3585 (N.D. Cal.) However, Doe is inapposite. In Doe, a former prisoner brought a civil rights action seeking, *inter alia*, an injunction barring public disclosure of John Doe's confidential sex offender registration information. Id., ECF No. 1. The district court granted a permanent injunction directing that John Doe be removed from the public sex offender registry established by California's "Megan's Law," concluding that language in Doe's plea agreement constituted an implied promise that Doe would not be subject to future modifications to the sex offender registry. Id., ECF No. 94 at 1-2. On appeal, after briefing from the California Supreme Court, the Ninth Circuit concluded that Doe's plea agreement did not insulate him from Megan's Law, which the state legislature expressly made retroactive, and thus Doe suffered no due process violation. Doe v. Harris, 535 Fed. Appx. 630 (9th Cir. 2013). Unlike petitioner's claim, Doe's challenge was timely-filed, and the district and appellate courts ruled on the merits of John Doe's claim. Id. Furthermore, although petitioner argues that Lafler and Frye removed the impediment to petitioner bringing the instant claim, his argument is unavailing because the Supreme Court has not held that either case may be applied retroactively. Title 28 U.S.C. § 2244(b)(2)(A) requires that claims raised on a new rule of constitutional law must be "made retroactive to cases on collateral review by the Supreme Court." Id. Therefore, this court is precluded from applying Lafler or Frye, and may not reach the merits of petitioner's claim because his petition was untimely filed.

1  U.S.C. § 2244(d)(1)(C).  Petitioner contends that his claim of ineffective assistance of counsel
2  during plea bargaining and at sentencing satisfies this requirement, based on the March 12, 2012
3  companion decisions issued in Lafler and Frye.  However, "neither [Lafler nor Frye] decided a
4  new rule of constitutional law."  Williams v. United States, 705 F.3d 293, 294 (9th Cir. 2013) (per
5  curiam) (citing Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012)).  Rather, "[t]he
6  Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of
7  counsel according to the test articulated in Strickland v. Washington, 466 U.S. 668, 686 (1984)
8  and established in the plea bargaining context in Hill v. Lockhart, 474 U.S. 52 . . . (1985)."
9  Buenrostro, 697 F.3d at 1140; see also Chaidez v. United States, 133 S. Ct. 1103, 1115 (2013)
10  ("[D]espite the many different settings in which it has been applied, we have never found that an
11  application of Strickland [to a particular form of attorney misconduct] resulted in a new rule. . . .
12  In short, where we merely apply Strickland in a way that corresponds to an evolution in
13  professional norms, we make no new law.").  Accordingly, neither Lafler nor Frye operates to
14  provide petitioner with a later start date for the statute of limitations in this case.  Baker v. Ryan,
15  497 Fed. Appx. 771, 773 (9th Cir. 2012) (Lafler and Frye "do not recognize new constitutional
16  rights," citing Buenrostro); Burns v. Swarthout, 2013 WL 5345813 (N.D. Cal. Sept. 20, 2013).

17        C.  Discovery of Factual Predicate

18        AEDPA also provides that, in certain cases, its one-year limitations period shall run from
19  "the date on which the factual predicate of the claim or claims presented could have been
20  discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The term 'factual
21  predicate' refers to the facts underlying the claim, not the legal significance of those facts.  Hasan
22  v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("This is not to say that [petitioner] needed to
23  understand the legal significance of those facts -- rather than simply the facts themselves -- before
24  the due diligence (and hence the limitations) clock started ticking"); accord Summers v. Patrick,
25  535 F.Supp.2d 995 (C.D. Cal. 2008) ("Under [28 U.S.C.] § 2244(d)(1)(D) AEDPA's statute of
26  limitations commences when a petitioner knows, or through the exercise of due diligence could
27  discover, the factual predicate of her claims, not when a petitioner learns the legal significance of
28  those facts").  "[T]he petitioner bears the burden of proving that he exercised due diligence, in

7

order for the statute of limitations to begin running from the date he discovered the factual predicate of the claim. . . . " Dicenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006); see also Majoy v. Roe, 296 F.3d 770, 777 n.3 (9th Cir. 2002) (finding that petitioner "ha[d] not made an adequate showing of due diligence as required by [28 U.S.C.] § 2244(d)(1)(D) to invoke this tolling provision.")

Here, petitioner relies solely on the application of Lafler and Frye, which are Supreme Court decisions, not facts underlying petitioner's claim for habeas relief. Petitioner identifies no newly-discovered facts, and the facts included in petitioner's filings were known to petitioner during plea negotiations or at his January 23, 2009 sentencing. Thus, petitioner is not entitled to a later start date to the limitations period based upon late discovery of a factual predicate.

VI.  California Supreme Court's Silent Denial

In addition, petitioner argues that the silent denial by the California Supreme Court means that his petition was not rejected as untimely,[5] and therefore this court should apply a reasonableness standard, as the California courts do, to determine whether his petition was timely filed. (ECF No. 13 at 3; 15 at 6.) Respondent counters that the silent denial by the California Supreme Court does not preclude the federal court from finding the petition untimely because the statute of limitations had expired prior to petitioner's filing in state court.

The silent denials of the state appellate and supreme courts are considered to be decisions "on the merits" of the claims. Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011) (holding that an unexplained denial of a claim by the California Supreme Court is an adjudication on the merits of the claim entitled to AEDPA deference unless "there is reason to think some other explanation for the state court's decision is likely"). However, the presumption that a silent denial was "on the merits" does not excuse the district court from determining whether a state habeas petition was also untimely for statute of limitations purposes. Evans v. Chavis, 546 U.S. 189 (2006).

---

[5] Petitioner noted that the California Supreme Court's denial did not cite In re Clark, 5 Cal. 4th 750 (1993) or In re Robbins, 18 Cal. 4th 770 (1998). "A summary denial citing Clark and Robbins means that the petition is rejected as untimely." Walker v. Martin, 131 S. Ct. 1120, 1126 (2011).

8

Here, the court is not required to determine the reasonableness of petitioner's state court filings because his state court filings were all filed after the federal statute of limitations period expired. As set forth above, none of petitioner's state court filings could revive the statute of limitations period once it expired. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482. Because all of petitioner's state court filings were made after the federal statute of limitations period had expired, petitioner's reliance on the California Supreme Court's silent denial is unavailing.

VII. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner does not specifically ask for, and he provides no basis for, the application of equitable tolling. Petitioner does not allege that defense counsel's ineffectiveness during plea negotiations in 2008 or 2009 prevented him from filing a timely federal habeas petition in 2010. Petitioner has not demonstrated that he has been pursuing his rights diligently. Indeed, in his petition, he concedes there was substantial delay, and claims that he could not pursue this claim until 2012 when the Supreme Court issued its rulings in Frye and Lafler. (ECF No. 1 at 10-11.) Petitioner did not appeal his conviction, and waited until October 4, 2011, to challenge his sentence in state court. On such a record, petitioner is not entitled to equitable tolling.

Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza–Matthews, 432 F.3d at 1026.

VIII.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 11) be granted; and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2014

/coop1738.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE